IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christopher R. Bruggeman,      :

      Plaintiff      :      Civil Action 2:09-cv-00381

  v.      :      Judge Holschuh

Terry Collins, Director, Ohio      :      Magistrate Judge Abel
Department of Rehabilitation and
Correction, *et al.*,      :

      Defendants

# ORDER

Plaintiff Christopher R. Bruggernman, an inmate at the Madison Correctional Institution, brings this § 1983 action against defendants Terry Collins, Harry Hageman, Cynthia Mausser, Jim Bedra, Bobby Bogan, Kathleen Kovach, Dr. Sandra Mack, Robert Maszczynski, Fritz Rauschenberg, and Ellen Venters asserting violations of the Ex Post Facto Clause and Due Process Clause of the United States Constitution. This matter is before the Magistrate Judge on plaintiff Christopher R. Bruggerman's March 22, 2010 motions for an extension of time, for good cause shown, to complete discovery (doc. 26), to request for *in camera* inspection of certain requested discovery (doc. 27), and for consultation among counsel for and discovery dispute conference (doc. 28).

<u>Motion for an extension of time to complete discovery</u>. Plaintiff seeks additional time to complete discovery. He argues that defendants have failed to produce discovery

1

that he needs to prove his Ex Post Facto claims. Plaintiff maintains that he requested discovery that defendants are supposed to provide according to Ohio Department of Rehabilitation and Correction ("ODRC") policy and the decision in *Dotson v. Collins*, 317 Fed. Appx. 439, 2008 WL 162901 (6th Cir. Jan. 15, 2008).

Plaintiff has requested discovery concerning whether defendants are victims of crime, have family members who have been victims of crime, or a members of victims' rights advocacy groups. Plaintiff asserts that there are several Ohio Adult Parole Authority board members who fit in one or more of these groups. He maintains that he needs this discovery to demonstrate that he has been denied an impartial parole tribunal. Plaintiff has filed an corresponding motion for *in camera* inspection of these documents based on defendants' response that the information is privileged and confidential.

Plaintiff also seeks an extension of time because of limited access to the prison law library.

In response, defendants maintain that plaintiff's discovery requests were denied because they were either irrelevant, do no exist, or can be found online at the ODRC's website. Defendants argue that personal information about parole board members who have been victims of crime of have family members who have been is confidential and cannot be made public for security reasons.

With respect to statistical information concerning sex offenders, defendants argue that statistical information is not relevant to Bruggerman's claims because

2

statistical analysis regarding other inmates has no probative value because the parole board has the discretion whether to grant parole based on an individual's unique crime and circumstances. Defendants also state that any statistical analysis that they might have would be posted on the ODRC's website. If the analysis that Bruggerman seeks is not on the website, then defendants do not have that information.

The Court cannot compel defendants to produce what does not exist. Defendants are, however, obligated to respond honestly and completely to discovery requests, and failure to do so will result in sanctions. *Bratka v. Anheuser-Busch*, 164 F.R.D. 448, 463 (S.D. Oh. 1995). Here, plaintiff has not provided defendants' specific responses to each particular discovery request. Although defendants have given the Court their general objections to plaintiff's requests, the Court cannot fully evaluate whether defendants should be compelled to produce the discovery. As a result, plaintiff's motions are denied without prejudice. If plaintiff chooses to re-file his motion, he must include his requests for discovery and defendants' responses to those requests. If defendants believe that disclosure of information sought by plaintiff would implicate security concerns, defendants should seek a protective order.

Plaintiff Christopher R. Bruggerman's March 22, 2010 motion for an extension of time, for good cause shown, to complete discovery (doc. 26) is GRANTED. The deadline for completing discovery is extended until May 28, 2010. Dispositive motions must be filed no later than June 30, 2010.

Plaintiff's motions to request for *in camera* inspection of certain requested discovery (doc. 27) and for consultation among counsel for and discovery dispute conference (doc. 28) are DENIED

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge. The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel  
United States Magistrate Judge

.